Frank MARTIRE, Jr., Plaintiff-Appellant,

v.

SELECTIVE SERVICE LOCAL BOARD NO. 15, BRIDGEPORT, CONNECTICUT and Brig. Gen. Ernest E. Novey, Individually and as Director of the Selective Service System for Connecticut, Defendants-Appellees.

No. 665, Docket 35630.

United States Court of Appeals, Second Circuit.

Argued April 1, 1971.

Decided May 12, 1971.

Richard L. Albrecht, Bridgeport, Conn., for plaintiff-appellant.

Morton Hollander, Atty., Dept. of Justice, Washington, D. C. (L. Patrick Gray, III, Asst. Atty. Gen., J. F. Bishop, Washington, D. C., Atty., Stewart H. Jones, U. S. Atty., D.Conn., on the brief), for defendants-appellees.

Before FRIENDLY and FEINBERG, Circuit Judges, and MANSFIELD, District Judge.*

FEINBERG, Circuit Judge:

Frank Martire, Jr. appeals from an order of the United States District Court for the District of Connecticut, T. Emmet Clarie, J., which dismissed his suit for an injunction against induction into the Armed Forces on the ground that the court lacked jurisdiction under Selective Service Act § 10(b) (3). For the reasons stated below, we direct that the record be supplemented.

In late September 1969, Martire was ordered to take an Armed Forces pre-induction physical examination. He was examined in early October and found physically acceptable for induction. Later that month, Martire wrote the State Director of the Selective Service System to request medical revaluation of his classification on the ground that he was suffering from a hernia which required surgery. Appellant was then directed to be examined by Dr. Sherwin B. Nuland, a consulting specialist, who found no evidence of a hernia. In light of this examination, the Surgeon, Headquarters United States Army Recruiting Com-

* Of the Southern District of New York, sitting by designation.

mand, found that appellant was qualified for military duty.

Nevertheless, upon request of the State Director pursuant to section 1625.-3(a) of the Selective Service Regulations, Martire's local board reopened his classification. The board granted Martire a personal appearance, at which he proffered two new letters from doctors, but the board declined to change appellant's classification. Martire's claim was also denied on appeal to the State Appeal Board and he was subsequently ordered to report for induction. This action for injunctive relief was filed the day before his scheduled induction.

The principal issue in an action for pre-induction relief is jurisdiction. Section 10(b) (3) of the Military Selective Service Act of 1967, 50 U.S.C. App. § 460(b) (3), provides that:

> No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards * * * except as a defense to a criminal prosecution * * * after the registrant has responded either affirmatively or negatively to an order to report for induction * * *.

Appellant argues that his case comes within the judicially developed exception to that statute for "blatantly lawless" board conduct, Oestereich v. Selective Service Board, 393 U.S. 233, 239, 89 S. Ct. 414, 21 L.Ed.2d 402 (1968), because his local board denied him the "medical interview" with the board's consulting physician to which he was entitled under 21 C.F.R. § 1628.2(b):[1]

> Whenever a registrant who is in Class I-A, Class I-A-O, or Class I-O claims that he has one or more of the dis-

qualifying medical conditions or physical defects which appear in the list described in section 1628.1, the local board shall order him to present himself for interview with the medical advisor to the local board * * *.

The legal issue, then, is whether failure to follow section 1628.2(b) constitutes "blatantly lawless" board activity under Oestereich. We find that we cannot deal with that question in an informed way, however, because the record before us is incomplete on the following two issues:

1. *The status of Dr. Nuland.* We do not know whether Dr. Nuland was a medical advisor to either the state or local board, or both, whether he was a full-time employee or a contract consultant, and whether he was paid, if at all, by the Selective Service System or some other agency. The possible relevancy of such information is indicated by United States ex rel. Signorelli v. Malleck, 314 F.Supp. 153 (D.Conn.), aff'd on the decision below, 428 F.2d 823 (2d Cir. 1969).

2. *Martire's claims at the pre-induction physical.* It is not clear from the record whether Martire raised his hernia claim at his October 1969 pre-induction physical. This question should be resolved because, as interpreted by both Selective Service Operations Bulletin 327[2] and at least two courts, section 1628.2(b) does not entitle a registrant to a "medical interview" once he has had such a physical, except as to defects not raised at the physical. United States v. Smith, 1 SSLR 3370 (D.Ore.1969), aff'd, 423 F.2d 559 (9th Cir. 1970). Accord, Mulligan v. Selective Service Local Board No. 64, 2 SSLR 3686 (E.D.N.Y.),

---

1. Subsection (b) of § 1628.2 has since been revoked. Exec. Order 11553, 35 Fed. Reg. 13719 (1970). The present version of the regulation only provides for "medical interviews" when the local board, in its discretion, orders one.

2. The bulletin provides:

> *   *   *   *   *
>
> 3. The claimed defect must be one that has not been previously presented

and evaluated by the Local Board Medical Advisor or the Armed Forces Examining and Entrance Station. If the registrant has already had his physical examination, the papers submitted should be sent to the Examining Station for evaluation by the physicians there.

> *   *   *

SSLR 2200:55. The bulletin was apparently rescinded shortly after the revocation of § 1628.2(b).

aff'd in open court, No. 34766 (2d Cir. Sept. 23, 1970).

Accordingly, we adopt the following procedure. If, within ten days, the parties file in this court a stipulation resolving these factual issues, no further proceeding will be necessary in the district court. If such a stipulation is not so filed, we direct the district court promptly after the end of the ten-day period to reopen the record and make findings on these two issues, after whatever hearing it regards as appropriate. Within ten days after the findings of the district court are filed in the district court, appellant shall file in this court a copy of the findings and of the supplemental record in the district court. The papers so filed need not be printed and may be produced by any standard duplicating or copying process. In the meantime, this panel retains jurisdiction of the appeal.