John L. **NASKIEWICZ**, Jr., Plaintiff-Appellant,

v.

Howard **LAWVER**, Chairman, and Selective Service Local Board No. 61, Cayuga County, New York, Defendants-Appellees.

No. 566, Docket 71–2194.

United States Court of Appeals, Second Circuit.

Argued Feb. 3, 1972.

Decided Feb. 18, 1972.

Louis P. Contiguglia, Auburn, N. Y. (George J. Shamon, Auburn, N. Y., on the brief), for plaintiff-appellant.

Eugene Welch, Asst. U. S. Atty., N. D. N. Y. (James M. Sullivan, Jr., U. S. Atty., N. D. N. Y., on the brief), for defendants-appellees.

Before ANDERSON and OAKES, Circuit Judges, and CLARIE, District Judge.*

ROBERT P. ANDERSON, Circuit Judge:

John Naskiewicz, a registrant of Local Board No. 61, Cayuga County, New York, was ordered to appear at the Syracuse Armed Forces Entrance Examining Station (AFEES) on January 25, 1971, for a preinduction physical examination. He appeared and presented documentation from two private ophthalmologists in support of his claim that he was suffering from an eye condition which rendered him unacceptable for military service. After the induction physical, which included a visual acuity test but no medical examination of his eyes, his status for military service was listed as "undetermined." Naskiewicz was thereafter ordered to appear at the Syracuse AFEES for a recall examination on March 15, 1971, and this time, although his eyes were still not examined by a physician, he was found medically acceptable for military service.

After repeated requests to both the local and state boards for an ophthalmological examination, Naskiewicz was ordered by his local board to appear for another physical examination at the AFEES in Cleveland, Ohio, the area in which he was and is currently employed. On August 7, 1971, Dr. Siegel, an ophthalmologist designated by the Cleveland AFEES, examined Naskiewicz and made a diagnosis which confirmed the findings of the registrant's private doctors. Based upon this information, Dr. Mitchell of the Cleveland AFEES found that Naskiewicz was not medically qualified for induction.

The registrant's medical file was returned to the Syracuse AFEES where a Dr. Campbell reconsidered it and decided that Dr. Siegel and Dr. Mitchell might have been wrong. After discussing the file with the Syracuse AFEES ophthalmological consultant, Dr. Oberlander, who had made no actual examination, Dr. Campbell recommended to the United States Army Recruiting Command (USAREC) that Naskiewicz be found medically qualified. Dr. Campbell's

---

* Of the District of Connecticut, sitting by designation.

recommendation was approved by USAREC,[1] and the registrant was ordered by the local board to report for induction on November 6, 1971. Naskiewicz petitioned the district court for injunctive relief. The court dismissed the action on November 8, 1971 for lack of jurisdiction but it stayed induction pending this appeal.

Because the Selective Service violated one of its own regulations, we hold that there was proper jurisdiction in the district court and the case is remanded with instructions.

■ Consideration must first be given to the jurisdictional issue. Although Congress has prohibited preinduction judicial review of Selective Service orders,[2] the Supreme Court in Oestereich v. Selective Service System Local Board No. 11, 393 U.S. 233, 237, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968), fashioned a limited exception to the statute in cases where the local board has acted in a "basically lawless" manner. It held that preinduction relief was available where a local board had classified as 1–A a registrant who had a clear statutory right to a ministerial exemption, because the board had made an arbitrary departure from the statutory mandate and was not engaged in any discretionary action, *Oestereich, supra,* at 238, 89 S.Ct. 414, *see also,* Clark v. Gabriel, 393 U.S. 256, 258, 89 S.Ct. 424, 21 L.Ed.2d 418 (1968); Breen v. Selective Service Local Board No. 16, 396 U.S. 460, 467, 90 S.Ct. 661, 24 L.Ed.2d 653 (1970). In Carey v.

Local Board No. 2, 412 F.2d 71, 72 (2 Cir. 1969), this court interpreted *Oestereich* to mean that a registrant has the right to preinduction relief when "he has shown that he has a clear statutory right to his deferment involving no discretion on the part of the local board. . . ."

■ The Selective Service System, however, must adhere not only to the statutes, but also to its own regulations, even when it is making a discretionary decision, United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 267, 74 S.Ct. 499, 98 L.Ed. 681 (1954); *see also* Service v. Dulles, 354 U.S. 363, 372, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1957), and this court has often taken postinduction jurisdiction to order the armed forces to obey their regulations developed for the protection of servicemen, United States ex rel. Donham v. Resor, 436 F.2d 751 (2 Cir. 1971); Feliciano v. Laird, 426 F.2d 424 (2 Cir. 1970); Smith v. Resor, 406 F.2d 141 (2 Cir. 1969); Hammond v. Lenfest, 398 F.2d 705 (2 Cir. 1968); *see also,* Cortright v. Resor, 447 F.2d 245, 251 (2 Cir. 1971).

■ Therefore, the *Oestereich* exception to the general denial of preinduction judicial review should apply to those cases where a registrant has been denied the benefits of Selective Service regulations enacted for his benefit.[3]

Naskiewicz argues on this appeal that the determination that he is physically qualified for induction is invalid both because the Selective Service procedures

---

1. Naskiewicz also alleges that the ophthalmological reports from his private doctors and Dr. Siegel were removed from the file before the Syracuse AFEES forwarded it to USAREC.

2. 50 U.S.C.A.App. § 460(b) (3) reads in pertinent part:
 "No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution. . . ."
 As a technical matter, this statute does not prohibit review of medical determina-

tions by physical examination stations, but the decision here in no way rests on that fine distinction.

3. This holding was implied in Martire v. Selective Service Local Board No. 15, 442 F.2d 895, 896 (2 Cir. 1971), and would appear to be the position of both the Third Circuit, Hunt v. Local Board No. 197, 438 F.2d 1128 (3 Cir. 1971), and the Eighth Circuit, Liese v. Local Board No. 102, 440 F.2d 645 (8 Cir. 1971); it was apparently rejected by the Fourth Circuit, Blatt v. Local Board No. 116, 443 F.2d 304 (4 Cir. 1971).

were not followed and because there was no basis in fact for such a conclusion.[4] He contends that his examination by Dr. Siegel and the Cleveland AFEES was a physical examination as described by Selective Service regulations, 32 C.F.R. §§ 1628.10–1628.25, and that the determination of disqualification by the Cleveland AFEES was final. The local board replies that the Cleveland examination was simply a consultation under the provisions of Local Board Memorandum # 121 (issued June 25, 1971), and that the USAREC decision of qualification is the final one.

■ Although there is room for disagreement concerning the type of examination conducted in Cleveland,[5] the most reasonable view is that it was a part of the medical reevaluation and review provided for registrants by Memorandum # 121 after they have already had a physical examination and a determination of medical acceptability; but the Selective Service failed to follow the procedures which the memorandum called for.

Section III(c)[6] of that document permits a registrant to transfer to a convenient AFEES, in this case Cleveland, for reexamination. The transferee AFEES is required to review the entire medical record, provide for any necessary medical consultation, and make a tentative determination which it then sends, along with the complete medical file, to USAREC. The file should not have been returned to the Syracuse AFEES. Under §§ III(d), (e), USAREC makes the final decision which is sent back through the AFEES which made the original recommendation (Cleveland) to the state director (New York) for transmittal to the local board.

Little discussion need be given to the possible prejudice sustained by Naskiewicz because of the unwarranted extra review by Dr. Campbell and the Syracuse AFEES. It is enough to say that the registrant was entitled to have the recommendation made by the Cleveland AFEES sent to USAREC, and this was not done. Therefore, the induction order based upon an improper finding of medical qualification is invalid.

The case is therefore remanded to the district court with the following instructions: Assuming that the local board still wishes to induct Naskiewicz, it shall assemble all documents and recommendations which were a part of his medical file when it left the Cleveland AFEES

4. Because this case is decided on the first point there is no need for further consideration of the second one, either as to jurisdiction or on the merits.

5. It is true, for example, that Naskiewicz was sent a form 223 instructing him to report to the Cleveland AFEES for a "Physical Recall Examination," and form 223 is the one used for physical examinations under 32 C.F.R. § 1628.11(b).

6. Local Board Memorandum #121, § III (c), in pertinent part reads:
"If the registrant is away from his local board area, he should have the opportunity to apply for transfer for necessary consultation and reexamination under the same criteria applicable to transfer for Armed Forces preinduction examination. The State director should coordinate in each case with the AFEES normally used by the registrant's local board and to which his medical records were sent initially for reevaluation to insure that all records and the recommendation of the AFEES Commander are returned to the local board. The AFEES to which the registrant is delivered for required reexamination or consultation must receive all medical records and copies of correspondence and other documents as appropriate in order to identify the reexamination or consultation as a part of the procedure outlined in this local board memorandum, and submit for final review to Headquarters, USAREC. This coordination is essential in cases of transfers for reexamination or consultation. Upon completion of the review of medical records or accomplishment of reexamination or consultation by the AFEES, the inquiry, together with the registrant's medical records, all information and *tentative* determination will be forwarded to Headquarters, USAREC, by the AFEES."

in August, but it shall exclude all materials added subsequent to that time, including the tentative recommendation of Dr. Campbell and the decision of USAREC. The local board will then send the file to the Cleveland AFEES, which will in turn forward it, along with Dr. Mitchell's tentative determination that the registrant should be medically disqualified, to USAREC for a *de novo* decision. USAREC must be instructed to rely solely upon the file as presented and to disregard any consideration of the material previously before it.[7] The district court will retain jurisdiction in order to supervise the carrying out of the foregoing orders.

7. Cf. United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 268, 74 S.Ct. 499, 98 L.Ed. 681 (1954).

