**1316**

Kerim J. REMZI, Plaintiff,

v.

SELECTIVE SERVICE SYSTEM, LOCAL
BOARD NO. 81, Defendant.

Civ. No. 1972–236.

United States District Court,
W. D. New York.

July 6, 1972.

Lipsitz, Green, Fahringer, Roll, Schuller & James, Buffalo, N. Y. (Carmin R. Putrino, Buffalo, N. Y., of counsel), for plaintiff.

C. Donald O'Connor, Acting U. S. Atty. (James W. Grable, Buffalo, N. Y., of counsel), for defendant.

CURTIN, District Judge.

Pending is the plaintiff's motion for a preliminary injunction barring the defendant from requiring his induction into the Armed Services,[1] pending final determination of this action for a permanent injunction.

The plaintiff has been enrolled as a full-time college student since September, 1967. With the exception of one period not relevant here, the plaintiff was classified in Class II–S from December 3, 1968 to July 13, 1971. On the latter date, the plaintiff was reclassified into Class I–A, apparently because he had reached his twenty-fourth birthday and was therefore no longer eligible for

[1]. Plaintiff's postponed induction date was originally set as June 26, 1972, but a further postponement pending determination of the instant motion was granted by the defendant.

classification in Class II–S. *See* S.S. Reg. 1622.25(a), 32 C.F.R. 1622.25(a). At that time the plaintiff was still a full-time student, about to commence his final year of college. On October 14, 1971, the plaintiff was issued an "Order to Report for Induction" on November 15, 1971. On October 26, 1971, the plaintiff provided the defendant with documentary proof of his status as a full-time student and requested cancellation of the order of induction and reclassification into Class I–S. Instead of cancelling induction and reclassifying the plaintiff, the defendant issued an order of "Postponement of Induction" dated October 29, 1971. Typed on the form was the statement that "[a]ccording to current selective service regulations there are no longer 1SC classifications, as you requested in your letter of October 28 [sic], 1971."

The plaintiff contends that the statement typed on the order postponing induction was erroneous and that, under the Military Selective Service Act of 1967, as amended [hereinafter referred to as the Act], 50 U.S.C.A. App. § 451 et seq., and the regulations promulgated thereunder, S.S. Reg. 1600 et seq., 32 C.F.R. 1600 et seq., he was entitled to cancellation of his induction order and reclassification into the deferred Class I–S.

█ The instant case is not one where "there is no doubt of the board's statutory authority to take action which [the registrant] challenges, and that action inescapably involves a determination of fact and an exercise of judgment." Clark v. Gabriel, 393 U.S. 256, 258, 89 S.Ct. 424, 426, 21 L.Ed.2d 418 (1968). Rather, what is involved here is a "claim" to a deferment under the statute and regulations "on the basis of objectively established and conceded status." Fein v. Selective Service System Local Board No. 7, 405 U.S. 365, 92 S.Ct. 1062, 1069, 31 L.Ed.2d 298 (1972). The court therefore determines that preinduction judicial review is proper despite the prohibition of Section 10(b)

(3) of the Act, 50 U.S.C.A. App. § 460(b)(3). *See* Oestereich v. Selective Service System Local Board No. 11, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968); Breen v. Selective Service Local Board No. 16, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653 (1970); Carey v. Local Board No. 2, 412 F.2d 71 (2d Cir. 1969); and Naskiewicz v. Lawyer, 456 F.2d 1166 (2d Cir. 1972).

The plaintiff's claim that he was entitled to deferment by reclassification into Class I–S arises out of the following circumstances. On September 28, 1971 the Act was amended. P.L. 92–129; 85 Stat. 348. Section 6(i)(2) of the Act, 42 U.S.C.A. App. § 456(i)(2), was amended to provide for postponement of induction, rather than deferment, of a college student ordered to report for induction during the course of an academic year. P.L. 92–129, § 101(a)(20). The unamended Section 6(i)(2) had been implemented by Selective Service Regulation 1622.15(b), 32 C.F.R. 1622.15(b), which provided for reclassification into Class I–S of a student ordered to report for induction during the school year. On November 3, 1971, notice of proposed revocation of the regulation was given, 36 Fed.Reg. 21072, 21074 (Nov. 3, 1971), and, on December 9, 1971, the regulation was revoked, effective December 10, 1971. 36 Fed.Reg. 23372, 23376 (Dec. 9, 1971). No regulation implementing the amended Section 6(i)(2) has been promulgated.

The plaintiff argues that, because Selective Service Regulation 1622.15(b) was not officially revoked until December 10, 1971, he was entitled to be deferred by reclassification into Class I–S after offering satisfactory proof of full-time student status on October 26, 1971, and that consequently the postponement of his induction on October 29, 1971 was contrary to law. In support of these propositions, he cites Section 101(a)(32) of the 1971 statute, P.L. 92–129, § 101(a)(32), 50 U.S.C.A. App. § 463(b), and Executive Order No. 11,230, issued by the President on October 12, 1971, 3 C.F.R. 211 (1971 Compi-

lation), 50 U.S.C.A. App. § 460. Section 101(a) (32) provides that "no regulation issued under this Act shall become effective until the expiration of thirty days following the date on which such regulation has been published in the Federal Register." Section 1 of Executive Order 11,230 provides that "[r]egulations heretofore issued by the President to carry out . . . provisions [of the Act] shall continue to be in effect until amended or revoked by the Director [of Selective Service] pursuant to the authority conferred by this order." The plaintiff argues that these provisions preclude any repeal of a pre-existing Selective Service regulation until the expiration of thirty days after publication in the Federal Register, in this case thirty days after November 3, 1971.

■ Whatever effect these provisions might have upon regulations which may be issued within the executive's discretion, see Section 6(h) of the Act, 50 U. S.C.A. App. § 456(h), they do not give the executive authority to grant deferments where a statutory provision prohibits deferment. The 1971 amendment to Section 6(i) (2) indicates Congress' intent to shift from mandatory deferment to mandatory postponement of induction of individuals in the plaintiff's situation. Thus, while Section 6(i) (2) formerly provided that a deferment "shall" be given, as of September 28, 1971, amended Section 6(i) (2) provides that a postponement of induction "shall" be given. On September 28, 1971, any authority to provide for deferment of students in plaintiff's circumstances terminated. No change in regulations, either revocation of Selective Service Regulation 1622.15(b) or promulgation of a new regulation providing for postponement of induction,[2] was necessary to implement the amendment.

From the foregoing, the court concludes that the postponement of the plaintiff's induction granted on October 29, 1971 was made in accordance with the provisions of the Act.

■ The plaintiff contends, however, that the amended Section 456(i) (2) constitutes an unconstitutional discrimination against persons in his position. Such a claim may not be raised on an application for preinduction review but rather must await a postinduction habeas corpus proceeding. See Fein v. Selective Service System Local Board No. 7, *supra*, 405 U.S. at 375, 92 S.Ct. at 1068, 31 L.Ed.2d at 307.

Plaintiff's motion for a preliminary injunction barring his induction into the Armed Services is hereby denied.

This order is stayed for a period of six days from entry to give the plaintiff an opportunity to make application to the Court of Appeals, if he desires. No further stay shall be granted by this court.

So ordered.

2. As previously indicated, there has been promulgated no regulation providing for postponement of induction of a student ordered for induction during the academic year. The court does not understand the plaintiff to contend that, in the absence of such a regulation, no postponement could be granted by a local board.