467 F.2d 893
 Frank MARTIRE, Jr., Plaintiff-Appellant,
v.
SELECTIVE SERVICE LOCAL BOARD NO. 15, Bridgeport,
Connecticut and Brig. Gen. Ernest E. Novey,
Individually and as Director of the
Selective Service System for
Connecticut,
Defendants-
Appellees.
 No. 932, Docket 35630.
 United States Court of Appeals,
Second Circuit.
 Submitted after Remand July 14, 1972.
Decided Sept. 27, 1972.
 
 Richard L. Albrecht, Bridgeport, Conn., for plaintiff-appellant.
 Harlington Wood, Jr., Asst. Atty. Gen., Stewart H. Jones, U. S. Atty., D. Conn., Morton Hollander and William D. Appler, Attys., Dept. of Justice, Washington, D. C., for defendants-appellees.
 Before FRIENDLY, Chief Judge, and FEINBERG and MANSFIELD, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff Frank Martire, Jr., a Selective Service registrant, seeks to enjoin his induction into the Armed Forces on the ground that his local board failed to provide an interview with an official "medical advisor" regarding his alleged hernia. Such an interview was required by 32 C.F.R. Sec. 1628.2(b), since repealed, if a registrant classified I-A, I-A-O, or I-O claimed to suffer from specified "disqualifying medical conditions or physical defects . . . ." The United States District Court for the District of Connecticut, T. Emmett Clarie, J., dismissed the complaint for lack of subject matter jurisdiction. Upon an earlier hearing of this case, we directed that the record be supplemented. 442 F.2d 895. This has been done, and the district court has made the additional findings we requested.
 
 
 2
 This court has recognized that the failure by a local board to comply with Selective Service regulations may be subject to pre-induction judicial review despite the no-review provisions of section 10(b)(3) of the Selective Service Act. Naskiewicz v. Lawver, 2 Cir., 456 F.2d 1166, 1168 (1972). Plaintiff therefore relies on the finding below that Dr. Nuland, the doctor who conducted the section 1628 interview, was a consultant to the Army and not a medical advisor to the board. But the board did not, in fact, violate the regulation, which was applicable only to those medical complaints "not . . . previously presented and evaluated by the Local Board Medical Advisor or the Armed Forces Examining and Entrance Station." Selective Service Operations Bulletin No. 327. Judge Clarie found that plaintiff had brought his alleged hernia to the attention of the doctors at his pre-induction physical and had been given the standard examination to determine its presence. Although plaintiff contends that this test was not properly administered, the board's conduct of those duties requiring the exercise of its discretion is not reviewable prior to induction. Fein v. Selective Service System, 405 U.S. 365, 374-375, 92 S.Ct. 1062, 31 L.Ed.2d 298 (1972).
 
 
 3
 Apart from his failure to establish a violation of section 1628, plaintiff demonstrates no discernible prejudice from the alleged violation. Prior to his request for an interview, no examining physician-not even plaintiff's own-had diagnosed a hernia. Moreover, plaintiff received a complete examination from Dr. Nuland, who also found him fit for duty. There is no reason to believe that another physician would have come to a different conclusion. See United States v. Smith, 423 F.2d 559, 562 (9th Cir. 1970).
 
 
 4
 For the foregoing reasons, we affirm the dismissal of plaintiff's complaint.