**UNITED STATES of America**
v.
**Albert Edward TRUMPLER, Appellant.**
**No. 72–1216.**

United States Court of Appeals,
Third Circuit.

Argued Oct. 2, 1972.

Decided Nov. 6, 1972.

John David Egnal, Egnal & Egnal, Philadelphia, Pa., for appellant.

William M. Piatt, U. S. Dept. of Justice, Washington, D. C., for appellee.

Before SEITZ, Chief Judge, and HASTIE and HUNTER, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

The defendant was classified I–O (conscientious objector) on February 10, 1970. His local board began the procedure to place the defendant in approved civilian work (alternative service). At this time, the defendant was working at the Elwyn Institute for emotionally disturbed boys. He requested his local board to permit him to perform his alternative service at Elwyn Institute. In

4. § 4, 29 U.S.C.A. § 104; see 398 U.S. at 253, 90 S.Ct. 1583.

5. 398 U.S. at 253–254, 90 S.Ct. at 1594.

support of this request, three letters were sent by management personnel at Elwyn Institute to the local board. The board, in denying this request, stated:

> [The defendant's] civilian work should be performed outside of the community in which [he] reside[s], and should constitute a disruption of [his] normal way of life somewhat comparable to the disruption of a registrant who is inducted into the Armed Forces.

After several attempts to get the defendant to find a work assignment outside of his home community, the local board, on November 2, 1970, ordered the defendant to report to Woodville State Hospital to perform his alternative service. He failed to report. Thereafter, the defendant was convicted of failure to report for alternative service (50 U.S.C. App. § 462) and received two years probation, conditioned on his performance of alternative service. The defendant appealed his conviction.

Alternative service was provided by Congress in the Military Selective Service Act of 1967, 50 U.S.C. App. § 456(j). As part of the implementation of 50 U.S.C. App. § 456(j) alternative service, a presidential regulation, 32 C.F.R. § 1660.21(a) (1971) (since rewritten and renumbered as § 1660.6), was promulgated which stated:

> No registrant shall be ordered by the local board to perform civilian work in lieu of induction in the community in which he resides *unless in a particular case the local board deems the performance by the registrant of such work in the registrant's home community to be desirable in the national interest.* (emphasis added).

This regulation created the "displacement policy" for alternative service and an exception to that policy (italicized above). The Director of Selective Service issued Local Board Memorandum No. 64 (as amended in 1968) to assist the local boards in their decision making in cases of alternative service registrants. L.B.M. 64 provided:

> Whenever possible the [civilian] work should be performed outside of the community in which the registrant resides. The position . . . should constitute a disruption of the registrant's normal way of life somewhat comparable to the disruption of a registrant who is inducted into the Armed Forces.

Nowhere in L.B.M. 64 was the national interest "exception" of regulation § 1660.21(a) mentioned.

The district court made the finding of fact that "Local Board No. 60 did not, at any time, give consideration to the . . . exception of § 1660.21(a) in connection with defendant's request that his job at Elwyn Institute be considered as alternative service." However, the district court held that the failure of the local board to consider the defendant for exception was harmless error, because the defendant did not establish a prima facie entitlement to that exception. The district court stated that it was "abundantly clear that under any possible interpretation of the . . . exception defendant did not and could not present a colorable claim that [his work at Elwyn Institute] was 'desirable in the national interest' . . . ."

We hold that the failure of the local board to consider the defendant for the exception requires reversal of the defendant's conviction, for the district court could not determine whether or not a prima facie entitlement was established. There were no guidelines or criteria by which the local boards were to determine if a particular job was "desirable in the national interest." This determination was to be made in the discretion of the local boards. Without such guidelines or criteria, there existed no means by which the district court could have determined what facts would have been sufficient to constitute a prima facie entitlement to the exception. Thus, the district court could not decide that the local board would never have found the defendant's work at Elwyn Institute to be desirable in the national in-

terest, if the board had considered the exception. Because of this resolution of the case, the defendant's other challenges to his conviction need not be considered.

The judgment of the district court will be reversed.