Michael C. HOREY, Plaintiff-Appellant,

v.

Dr. Curtis TARR, National Director of Selective Service, et al., Defendants-Appellees.

No. 41, Docket 72–1030.

United States Court of Appeals, Second Circuit.

Argued Oct. 10, 1972.

Decided Dec. 15, 1972.

Stephen J. Perrello, Jr., Niagara Frontier Chapter New York Civil Liberties Union, Buffalo, N. Y., for plaintiff-appellant.

Philip B. Abramowitz, Asst. U. S. Atty., W.D.N.Y. (John T. Elfvin, U. S. Atty., W.D.N.Y., on the brief), for defendants-appellees.

Before FRIENDLY, Chief Judge, and MEDINA and ANDERSON, Circuit Judges.

ROBERT P. ANDERSON, Circuit Judge:

In June of 1969 Michael Horey, a resident of Cheektowaga, New York, a suburb of Buffalo, was classified I–O (conscientious objector available for alternate service) by his local draft board, which, on April 23, 1970, assigned him to perform civilian work for the Salvation Army in Rochester, New York, 60 miles from Buffalo. Four months later, after his discharge from the job with the Salvation Army, Horey returned to Buffalo and notified his local board that he was seeking new employment to satisfy the remaining twenty months of his alternate service obligation.

Shortly thereafter he began working at Terrace House, a facility located in Buffalo for homeless alcoholics, and so informed the State Selective Service Headquarters, which had taken over the matter of his reassignment. He was subsequently advised by letter of March 8, 1971 from LTC Byron Meader, Operations Officer in the New York State Headquarters of Selective Service as follows,

"Your reassignment to civilian work located in Buffalo, New York or with-in commuting distance thereto could not be approved because it is contrary to Selective Service Regulations. Regulations provide that no registrant shall be ordered to perform civilian work in lieu of induction in the community in which he resides."

By the same letter Meader also ordered Horey to report to the Albany Medical Center Hospital to complete his civilian work obligation.

After unsuccessful appeals to Meader and to Dr. Tarr, National Director of Selective Service, Horey commenced this action in the Western District of New York, alleging jurisdiction under 28 U.S.C. §§ 1331, 2201 and seeking (1) an injunction to prohibit the appellees from directing or recommending his prosecution for failure to comply with the order to report for alternate service; (2) the approval of his employment at Terrace House as satisfying his civilian work obligation; and (3) a declaration that former Local Board Memoranda Nos. 64 and 98 were null, void and of no legal effect.[1] The Government moved to dismiss the complaint for failure to state a claim upon which relief could be granted and for want of jurisdiction pursuant to § 10(b)(3) of the Military Selective Service Act of 1967, 50 U.S.C.App. § 460(b)(3).[2] The district court granted the motion, holding that it did not have jurisdiction and adding, ad dictum, that if it had been possessed of jurisdiction, the relief sought by Horey would have been denied on the merits.

1. Local Board Memorandum No. 64 provided, in part:

"Whenever possible the work should be performed outside the community in which the registrant resides. The position . . . should constitute a disruption of the registrant's normal way of life somewhat comparable to the disruption of a registrant who is inducted into the Armed Forces."

Local Board Memorandum No. 98 provided, in part:

"Always there must be an effort to see that the path of the conscientious objector in being processed for and performing civilian work parallels as nearly as possible the path of the I–A man in his processing for and performance of military duty . . . his assignment should be beyond commuting distance from his home."

2. Section 10(b)(3) provides, in relevant part:

"No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution . . after the registrant has responded either affirmatively or negatively to an order to report for induction, or for civilian work in the case of a registrant determined to be opposed to participation in war in any form."

■ The governing regulation is the former 32 C.F.R. § 1660.21(a) which provided:

"No registrant shall be ordered by the local board to perform civilian work in lieu of induction in the community in which he resides unless in a particular case the local board deems the performance of the registrant of such work in the registrant's home community to be desirable in the national interest."

Local Board Memoranda #64 and #98, issued by the Director of Selective Service, were undoubtedly intended to implement the regulation but in fact they curtailed it by giving no consideration to the "unless" clause which allows alternate work in the registrant's home community if the local board deems such work "to be desirable in the national interest." These informal Memoranda are invalid to the extent that they were inconsistent with, and prevented an exercise of discretion mandated by, the officially promulgated regulations of the Selective Service System.

■ Of course, work outside of the registrant's community is indeed the general rule, but a conscientious objector is entitled to have the local board (or, under the amended rules, the state director) consider whether or not a registrant's work in his home community is "desirable in the national interest," with all relevant factors taken into consideration. The appellant was entitled, as an explicit right, to have the nature and scope of his employment in Buffalo considered and ruled upon in the light of this exception.

■ The complete disregard of the clear and express provision of the regulation and the brushing aside of the registrant's right to have it considered in his case constituted "blatantly lawless" acts by Selective Service, Oestereich v. Selective Service System Local Board, 393 U.S. 233, 238, 89 S.Ct. 414, 21 L. Ed.2d 402 (1968). As Selective Service violated its own regulations, the courts do have jurisdiction despite the provision of § 10(b)(3). Martire v. Selective Service Local Board, 467 F.2d 893 (2 Cir. 1972); Levine v. Selective Service Local Board, 458 F.2d 1281 (2 Cir. 1972); Naskiewicz v. Lawver, 456 F.2d 1166 (2 Cir. 1972). In view of our disposition, we need not consider whether § 10(b)(3), which speaks of "local boards, appeal boards, or the President," is applicable to orders of the State Director of Selective Service assigning conscientious objectors to civilian work.

In Fein v. Selective Service System, 405 U.S. 365, 376, 92 S.Ct. 1062, 31 L. Ed.2d 298 (1972), the Court, in distinguishing Oestereich, said that the registrant Oestereich had a right on the basis of "objective criteria" to be classified as a conscientious objector. The statutory provision was specific and definite and the Selective Service System arbitrarily refused to consider it in his case. In Fein, itself, however, the attack was made on broad constitutional grounds against an exercise of discretion and acts of judgment within the powers of Selective Service, and jurisdiction was barred by § 10(b)(3).

■ In the present case the applicable regulation, which had the force of a statute and is to be similarly regarded, and the treatment of it by Selective Service were comparable to those in Oestereich. The provisions of the regulations were specific and definite and the case could be considered "upon objective criteria." We are concerned solely with Selective Service's refusal to pay any heed whatsoever to the national interest except to the regulation in Horey's case. We are not concerned with what judgment Selective Service may make, once it does consider it, nor do we imply that Horey's work at Terrace House is or is not "desirable in the national interest."

■ The failure of Selective Service to consider the national interest clause of the regulation was clear error and requires that this case be remanded to the district court with the direction that it be resubmitted to the State Director of Selective Service for determination. See

United States v. Trumpler, 468 F.2d 1374 (3 Cir. 1972).

■ Since the filing of this action the Local Board Memoranda #64 and #98 were cancelled by the Director of Selective Service on February 8, 1972; and 32 C.F.R. § 1660.21(a) (1971) was revised and redesignated as § 1660.6, as a part of a new set of regulations, 32 C. F.R. § 1660.1 et seq., promulgated December 10, 1971, which placed control over the selection of alternate service assignments in the hands of State Selective Service Directors who are to give due consideration to five enumerated criteria: (1) national health, safety or interest; (2) noninterference with the competitive labor market; (3) compensation; (4) skill and talent utilization; and (5) job location. Criterion (5) expressly permits the State Director to order the registrant to work outside his community of residence. This criterion, however, along with numbers (3) and (4) may be waived if "such action is determined to be in the national interest and would speed the placement of registrants in alternate service." These revised regulations will apply to the present case on remand.

It is so ordered.